UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**LOUIS LACY-GARRET,**

    Plaintiff,

-vs-                                    CASE NO. 1:20-cv-1218
                                              HON. ROBERT J. JONKER

**WES SMIGIELSKI, and**
**TOWNSHIP OF COLOMA**
**in their individual and official capacities,**

    **Defendants.**

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 /(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com | MCGRAW MORRIS, P.C.<br>G. GUS MORRIS (P32960)<br>CHRISTOPHER J. RAITI (P68600)<br>Attorneys for Defendants<br>2075 W. Big Beaver Road, Ste. 750<br>Troy, MI 48084<br>248-502-4000 / 248-502-4001-fax<br>gmorris@mcgrawmorris.com<br>craiti@mcgrawmorris.com |
|---|---|

## JOINT STATUS REPORT

**NOW COME** the parties, by and through their respective attorneys, and in accordance with the Court's *Order Setting Rule 16 Scheduling Conference* **[D/E 8]** submit the following *Joint Status Report*:

A Rule 16 Scheduling Conference is scheduled for February 25, 2021, before the Hon. Robert J. Jonker. Appearing for the parties as counsel will be:

        Attorneys for the Plaintiff:    Amy J. DeRouin

        Attorney for the Defendants:  Christopher J. Raiti

1. **JURISDICTION:**

The basis for this Honorable Court's jurisdiction is 28 U.S.C §1331 (federal question) and 28 U.S.C § 1343 (civil rights). Defendants do not object to jurisdiction.

2. **JURY:**

This case will be tried before a jury.

3. **JUDICIAL AVAILABILITY:**

The parties respectfully do not agree to have a United States Magistrate Judge conduct dispositive proceedings (such as summary judgment motions), trial, and to order the entry of final judgment but are agreeable for the United States Magistrate Judge to preside over discovery proceedings.

4. **STATEMENT OF THE CASE:**

   (i) **Plaintiff's Position**

On August 28, 2019, Defendant Smigielski, a police officer for Defendant Township of Coloma, caused a warrant to be issued for the arrest of Plaintiff Louis Lacy-Garret ("Mr. Lacy-Garret") for the felony offense of delivering a controlled substance causing death. However, the arrest warrant lacked probable cause. On or about October 22, 2019, Mr. Lacy-Garret was subsequently arrested without probable cause, transported, and then booked into Berrien County Jail. On or about March 25, 2020, Mr. Lacy-Garret was released from Berrien County Jail with an electron tether after he was able to post bond. On or about May 4, 2020, the Berrien County Prosecutor's Office dismissed all charges against Mr. Lacy-Garret. As a result of Defendants' unlawful actions, Mr. Lacy-Garret suffered injuries and damages including, but not limited to, the following: wrongfully incarcerated for 5 months; loss of his vehicle; loss of earnings; court costs and attorney fees; as well as psychological injuries.

Accordingly, Mr. Lacy-Garret filed the instant action and alleges the following claims against Defendants: (1) violation of the *Fourth* Amendment, 42 U.S.C. § 1983 false arrest; and (2) a *Monell* claim against the Township of Coloma for its failure to adequately train supervise its police officers.

(ii) **Defendants' Position**

On July 18, 2019 Brionna Capozio was found dead in her home by her mother, having suffered from a heroin overdose. Officer Smigielski began an investigation into the death. He was able to determine that Brionna had last been with a friend, Brooke Cargano. Smigielski located Cargano who told him that she and Brionna had used heroin the night before which they purchased from "LA." From a local drug dealer database, Smigielski learned that "LA" was an alias used by the Plaintiff. Smigielski obtained Plaintiff's photo along with that of five other black males. Cargano positively identified Plaintiff as the heroine seller. The prosecutor's office charged the Plaintiff. Cargano positively identified Plaintiff again at the preliminary exam as the person who sold them the drugs and as a result, Plaintiff was bound over for trial. Although criminal charges arising out of this incident were later dismissed by the Berrien County prosecutor's office, the charges and the arrest were clearly supported by probable cause. Plus, Smigielski could not have fabricated any evidence as alleged in the complaint as Cargano, on two separate occasions (once under oath), positively identified the Plaintiff as the person that sold the drugs which resulted in Brionna's overdose and death. Thus, Plaintiff has no viable 1983 claim against Officer Smigielski or the Township.

5. **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**:

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by April 23, 2021.

6. **DISCLOSURES AND EXCHANGES**:

(i) Fed. R. Civ. P. 26(a)(1) disclosures: March 18, 2021.

(ii) Fed. R. Civ. P. 26(a)(2) disclosures: Plaintiff – June 25, 2021; Defendants – July 26, 2021.

(iii) Fed R. Civ. P. 26(a)(3) disclosures: at least 30 days before trial.

(iv) None. The parties expect to handle all production of documents through traditional discovery and within the Fed. R. Civ. P 26(a)(1) disclosures.

(v) Preliminary Lay Witness List to be e-filed by May 25, 2021.

7. **DISCOVERY**:

The parties believe that all discovery proceedings can be completed by September 25, 2021. The parties recommend the following discovery plan:

The parties will engage in fact discovery where they will explore Plaintiff's claims and Defendants' defenses. The parties will limit their interrogatories to not exceed more than 25, including subparts. Discovery depositions will be limited to no more than 10 per side unless leave is permitted by the Court. Furthermore, the presumptive time limits for depositions (1 day of seven hours) should not be modified in this case unless by motion for good cause.

8. **MOTIONS**:

The parties anticipate that all dispositive motions will be filed by October 25, 2021. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has

4

made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

9. **ALTERNATIVE DISPUTE RESOLUTION:**

The parties agree to voluntary facilitation after the parties' depositions have been taken in this matter.

10. **LENGTH OF TRIAL:**

Counsel estimates the trial will last approximately 3 days, allocated as follows: 1.5 days for Plaintiff's case and 1.5 days for Defendants' case.

11. **PROSPECTS OF SETTLEMENT:**

The parties have not engaged in settlement negotiations prior to the filing of this lawsuit. However, the parties intend to engage in said settlement negotiations after the Rule 16(f) conference has been held and after initial discovery has been conducted.

12. **ELECTRONIC DOCUMENT FILING SYSTEM:**

The parties agree to abide by the Local Civil Rule 5.7(a).

Respectfully Submitted,

s/ **Amy J. DeRouin**
Amy J. DeRouin (P70514)
Attorney for Plaintiff

s/ **G. Gus Morris w/permission**
G. Gus Morris (P32960)
Christopher J. Raiti (P68600)
Attorney for Defendants